**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DALNOVIS DELAROSA ARIAS,** | : | **No. 3:24cv829** |
| | : | |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN ARVIZA,** | : | |
| | : | |
| **Respondent** | : | |

.....................................................................................................................

**MEMORANDUM**

Petitioner Dalnovis Delarosa Arias ("Arias"), an inmate confined at the

Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania, initiated

the above-captioned action by filing a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241. (Doc. 1). Arias alleges that the Federal Bureau of Prisons

("BOP") failed to apply his earned time credits under the First Step Act ("FSA")

due to his immigration status. (Id.) For the reasons set forth below, the court will

deny the habeas petition.

I.     **Background**

A.     **Arias' Conviction & Immigration Status**

Arias is serving a 120-month term of imprisonment imposed by the United

States District Court for the District of Massachusetts for conspiracy to possess

with intent to distribute one kilogram or more of heroin, and possession with

intent to distribute, and distribution of, one kilogram or more of heroin.  (Doc. 11-3).  His current projected release date is March 2, 2026, via good conduct time release.  (Id.).

Arias is a citizen and native of the Dominican Republic.  See United States v. Arias, No. 1:17-cr-10281 (D. Mass.).  On August 7, 2023, the Department of Homeland Security ("DHS") issued an "Immigration Detainer - Notice of Action", which reveals that a final order of removal has been entered against Arias.  (Doc. 11-5).  The record reflects that an immigration judge issued an order of removal on March 30, 2015, under docket number A-205-635-813.  (Doc. 11-6).

### B.    Arias' Administrative Remedy Submissions

The Administrative Remedy Generalized Retrieval reveals that Arias filed nine administrative remedies while in BOP custody and only one—number 1178347—concerns the claims in the instant habeas petition.  (Doc. 11-4).  On October 16, 2023, Arias filed administrative remedy number 1178347-F1 at the institution level requesting FSA time credit.  (Id. at 4).  The remedy was rejected as untimely as it was not filed within 20 days of the complained-of event.  (Id.; Doc. 11-2, Declaration of BOP Attorney Joshua M. Bower ("Bower Decl.") at 3, ¶ 10).  On November 7, 2023, Arias filed an appeal to the regional level, designated as administrative remedy number 1178347-R1.  (Doc. 11-4, at 5).  The remedy was rejected as untimely because it was not submitted within 20

2

days of the Warden's response.  (Id.; Doc. 11-2, Bower Decl. at 3, ¶ 11).  The Regional Office directed Arias to resubmit his BP-9 to the Warden's office with a staff memorandum explaining why the original remedy was untimely.  (Id.)  Arias did not resubmit his BP-9 to the Warden; instead, he filed an appeal to the Central Office on March 29, 2024, designated as administrative remedy number 1178347-A1.  (Doc. 11-4, at 6; Doc. 11-2, Bower Decl. at 3, ¶ 12).  On April 15, 2024, the Central Office rejected the remedy and noted that it concurred with the rationale of the Regional Office and the instruction for rejection.  (Id.)  The Central Office further noted that the appeal was filed at the wrong level and directed Arias to follow the directions provided on the prior rejection notices and, specifically, to follow the previous instructions from the Regional Office.  (Id.)  Arias did not submit any other administrative remedies concerning his request for FSA time credits.  (See Doc. 11-4).

## II.   Discussion

In his § 2241 petition, Arias asserts that he is entitled to the application of FSA earned time credits.  (Doc. 1, at 7; Doc. 2).  Respondent contends that Arias' § 2241 petition must be denied because: (1) he failed to exhaust his administrative remedies; and (2) he is subject to a final order of removal and, thus, ineligible for earned time credits under the FSA.  (Doc. 11).  The court will address each argument in turn.

3

**A.   Exhaustion of Administrative Review**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the Warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  See id. §§ 542.13-.15.  No administrative remedy appeal is considered fully exhausted until reviewed on the merits by the General Counsel.  (Id. § 542.15(a); see also Doc. 11-2, Bower Decl. at 1-2, ¶ 4).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  See Moscato, 98 F.3d at 761.  Only in rare

4

circumstances is exhaustion of administrative remedies not required.  For

example, exhaustion is unnecessary if the issue presented is one that consists

purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34

(3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455

U.S. 509, 516 n.7 (1982).

Arias' Administrative Remedy Generalized Retrieval report demonstrates

that he failed to properly exhaust the claims in the instant habeas petition.  (Doc.

11-4).  On October 16, 2023, Arias filed administrative remedy number 1178347-

F1 at the institution level regarding a request for FSA time credit.  (Id. at 4).  On

that same date, the Warden rejected the remedy as untimely.  (Id.)  Arias then

filed an untimely appeal to the Regional Office on November 7, 2023, designated

as administrative remedy 1178347-R1.  (Id. at 5).  On December 22, 2023, the

Regional Office rejected the appeal as untimely and advised Arias that he may

resubmit his BP-9 to the Warden's office, with a staff memorandum explaining

why the original remedy was untimely.  (Id.)  Rather than comply with the

directives of the Regional Office, Arias submitted an appeal to the Central Office

on March 29, 2024, designated as administrative remedy 1178347-A1.  (Id. at 6).

On April 15, 2024, the Central Office rejected the remedy and directed Arias to

follow the directions provided on the prior rejection notices.  (Id.)  Once again,

Arias failed to comply with the directives of the Regional and Central Offices and instead he filed the instant habeas petition on or about May 13, 2024.  (Doc. 1). Arias' failure to satisfy the procedural rules of the BOP's administrative remedy program constitutes a procedural default, as no administrative appeal is considered finally exhausted until a decision is reached on the merits by the Central Office.  See Moscato, 98 F.3d at 760 ("[F]ailure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default.").

The undisputed record before the court confirms that Arias did not exhaust his administrative remedies with regard to his FSA earned time credits claim. (See Doc. 11-4).  Arias provides no evidence to refute the record before the court that he failed to exhaust his administrative remedies prior to filing his habeas petition.  Nor does he present any basis for excusing exhaustion in this case. While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Arias' eligibility for earned time credits.  This issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused.  Arias' claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials.  Rather than properly complete the steps of the administrative remedy process, Arias bypassed the statutorily

6

mandated procedures and, instead, filed the instant habeas petition in federal court. Because Arias did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be denied. See Moscato, 98 F.3d at 762.

However, assuming *arguendo* that exhaustion could be excused, Arias' claim is without merit. Erring on the side of caution, the court will alternatively address the merits of the habeas petition.

## B.   Merits of the Habeas Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the

"type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). An inmate may earn ten days of credit for every thirty days of successful participation. See 18 U.S.C. § 3632(d)(4)(A). Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of time credit for every thirty days of successful participation. See id. However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i).

Here, respondent presented evidence that Arias is subject to a final order of removal. (Doc. 11-5; Doc. 11-6). The immigration detainer, a DHS document issued by an authorized immigration official, clearly indicates that Arias is subject to a final order of removal. Because of this final order of removal, and pursuant

to the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), the court cannot grant Arias the relief he seeks.  Thus, the court must deny the habeas petition.

## III.   Conclusion

Based on the foregoing, the court will deny the petition for writ of habeas corpus.  (Doc. 1).  An appropriate order shall issue.

Date: July \_\_\_, 2024

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**

9